UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKENTO BRIAN SMITH, )
)
               Plaintiff, )    Case No. 1:10-cv-1091
)
v. )    Honorable Paul L. Maloney
)
FRANK STANLEY, )
)    **<u>REPORT AND RECOMMENDATION</u>**
               Defendant. )
_____ )

This purports to be a civil rights action brought by a federal prisoner pursuant to the theory of *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff was convicted in this court on a number of drug-trafficking and firearms-possession charges, for which he is serving a life sentence. (*United States v. Smith*, case no. 1:06-cr-32). In the present case, plaintiff sues Frank Stanley, a private attorney who plaintiff hired to represent him at sentencing and for his appeal to the Sixth Circuit. *See United States v. Smith*, 510 F.3d 641 (6th Cir. 2007). The gravamen of plaintiff's civil rights action is that Mr. Stanley has refused to provide plaintiff's new counsel with trial transcripts and other materials necessary for counsel to prepare a section 2255 motion. At the time of submitting his complaint, plaintiff filed two motions: a motion for preliminary injunction and a motion allowing the joinder as party plaintiff of Kay Foster Shabazz, plaintiff's aunt, who alleges that she paid Mr. Stanley's fee and therefore is a proper party plaintiff in this case. Chief Judge Paul Maloney has referred the motion for preliminary injunction and the motion for joinder to me.

Upon review of plaintiff's submissions, I conclude that plaintiff has failed to state a claim upon which relief can be granted against Mr. Stanley under a *Bivens* theory. I therefore recommend that the complaint be dismissed and that plaintiff's motions be denied as moot.

Although plaintiff is a federal prisoner, his complaint is not subject to the Prison Litigation Reform Act, PUB. L. No. 104-134, 110 STAT. 1321 (1996), because the plaintiff is not proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2), nor is he bringing suit against a governmental officer or entity. 28 U.S.C. § 1915A. His lawsuit is nevertheless subject to *sua sponte* dismissal, if the district court follows the safeguards required by Sixth Circuit authority. The Sixth Circuit requires that the district court give plaintiff notice of its intent to dismiss a lawsuit and its reasons therefor, and an opportunity to respond or to amend his complaint to cure the noted defects. *See Wagenknect v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). This report and recommendation will serve as written notice of the possible dismissal of this case for failure to state a claim upon which relief can be granted. Plaintiff's opportunity to object to this report and recommendation within fourteen days of service, *see* FED. R. CIV. P. 72(b)(2), will serve as his opportunity to respond. Alternatively, plaintiff may submit an amended complaint as of right during that period, if he believes that the legal deficiencies noted herein can be cured by amendment.

To state a claim under federal law, the plaintiff "must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A

plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 129 S. Ct. at 1949, 1950). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### Discussion

Plaintiff bases his claim against Attorney Frank Stanley on the Supreme Court's *Bivens* decision. In *Bivens*, the Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Because implied causes of action are disfavored, the Supreme Court has been reluctant to extend *Bivens* liability to "any new context or new category of defendants." *Id.* at 68. In those settings where *Bivens* does apply, its implied cause of action is "the federal analog to suits brought against state officials" under 42 U.S.C. § 1983. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).

In cases brought under 42 U.S.C. § 1983, the Supreme Court has long held that private attorneys representing defendants in a criminal case, whether appointed or retained, do not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Relying on this principle, the federal courts of appeals, including the Sixth Circuit, regularly hold that attorneys representing defendants in federal criminal prosecutions do not act as federal officers or under color of state law and therefore are not subject to suit either under section 1983 or under a *Bivens* theory.

*See, e.g., Hinton v. Rudasill*, 384 F. App'x 2, 3 (D.C. Cir. 2010); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) ("[A]n attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action."); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990).

A *Bivens* action may be maintained only against a federal official. An attorney representing a defendant in a federal criminal case is not a federal official for purposes of a *Bivens* action. As a consequence, plaintiff simply has no federal claim against Attorney Stanley under *Bivens* or any other legal theory. His complaint fails to state a federal claim upon which relief can be granted. Plaintiff's relationship with his former attorney is governed by contractual principles arising under state law and by the state ethics rules. Plaintiff's redress lies in the Michigan state courts or with the Michigan Attorney Grievance Commission, not in federal court.

**Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted. In light of this recommended disposition, plaintiff's motion for a preliminary injunction (docket # 2) and for joinder of Kay Foster Shabazz as a plaintiff (docket # 3) should be dismissed as moot.

Dated:  January 19, 2011                    /s/  Joseph G. Scoville
                                             United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file

timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).